UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY KUMAR DEV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIRENDRA NARAYAN DEO, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0480 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Pending before the court is defendant Sapna Pangil's ("Sapna") motion to dismiss, which has been fully briefed. See ECF Nos. 5 (motion); 16 (plaintiff's opposition); 17 (defendant's reply). Plaintiff is a state prisoner proceeding in pro per, although the complaint does not involve conditions of confinement. Accordingly, this motion was submitted upon the record without oral argument pursuant to Local Rule 230(l). Based upon review of the record and the parties' briefing, the court recommends that defendant Sapna's motion to dismiss be GRANTED.

**I. THE COMPLAINT**

Plaintiff Ajay Kumar Dev ("plaintiff") initiated this diversity action on March 5, 2018. ECF No. 1. The complaint presents claims for (1) continuing conspiracy to defraud; and (2) declaratory relief against defendants Birendra Narayan Deo ("Birendra"), Prabha Deo ("Prabha"), and Sapna Dev-Pangil, formally known as Sapna Deo ("Sapna") (collectively referred as

1

"defendants"). ECF No. 1 at 20-22. The complaint seeks relief in the form of compensatory, punitive, and exemplary damages; reasonable attorney fees; litigation expenses; and "a declaratory judgment that the adoption by plaintiff of defendant Sapna was procured by fraud and is void." Id. at 22-23.

According to the complaint, plaintiff and his wife sought to adopt a distant relative from Nepal only if the child would qualify for United States citizenship through adoption. ECF No. 1 at ¶23. Plaintiff's understanding of federal law was that for an adopted child to qualify for United States citizenship, the adoption would need to take place before the child turned 16 years of age. Id. Plaintiff alleges that defendant Birendra and defendant Prabha's "extended family in Nepal [] knew that if one of their daughters were to be adopted by Plaintiff's immediate family, they would gain access to Plaintiff's family's wealth and status and be accorded a portion of the local real estate upon the death of the current owners under the Nepalese law of forced heirship." Id. at ¶21. Consequently, plaintiff alleges there were "both immediate and long-term financial benefits that would accrue if the Defendants could convince Plaintiff or Plaintiff's parents to adopt one of their daughters." Id.

Plaintiff alleges that on "or about January 1999, Defendants, and each of them, knowingly and willfully conspired and agreed amongst themselves to deceive Plaintiff and trick him into adopting Defendant Sapna" by lying about her date of birth. Id. at ¶25. Based on these deceptions, on January 23, 1999, defendant Sapna came to the United States to live with plaintiff and his wife to begin the adoption procedure. Id. at 9 ¶28. Plaintiff alleges that the "goals and purpose of this conspiracy among the defendants" was to access plaintiff's financial resources, secure funds for dowries for defendant Birendra's daughters who were still in Nepal, secure property rights to plaintiff's property in Nepal through forced heirship laws, and to secure United States citizenship for defendant Sapna and future family members through chain migration. Id. at ¶25.

Plaintiff alleges that defendant Sapna was in fact born on April 28, 1983. Id. at ¶24. Plaintiff states the "first overt act in the conspiracy" by defendants was to convince plaintiff and his wife to adopt defendant Sapna by providing false information that defendant Sapna was born

2

on January 5, 1984, thereby making her eligible for adoption before her sixteenth birthday. Id. at ¶¶27, 29. Plaintiff alleges defendant Birendra provided plaintiff with the falsified documents that included defendant Sapna's false date of birth. Id. at ¶29. Unaware that the documents defendant Birendra provided were false, plaintiff and his wife filed a petition for adoption on April 1999 in Yolo County Superior Court. Id. at ¶30. By the time the adoption was finalized on December 6, 1999, defendant Sapna was in fact already 16 years old and ineligible to qualify for citizenship. Id. at ¶¶27, 30. On December 2001, plaintiff and his wife filed an application with the Immigration and Naturalization Service ("INS") to adjust defendant Sapna's citizenship status. Id. at ¶31. Plaintiff alleges that defendants "working in concert with one another hid the truth" from plaintiff and exposed plaintiff and his wife to "criminal liability for providing false information to immigration authorities and for violating federal immigration law." Id. at ¶¶31, 32.

Plaintiff alleges that after defendant Sapna had moved to the United States, defendant Birendra and defendant Prabha began demanding money from plaintiff. Id. at ¶33. From 1998 to 2003, plaintiff alleges he provided defendant Birendra with gifts, fishing equipment, house expenses, payment for dowries, and cash throughout the years. Id. at ¶33. In 2004, after plaintiff discovered that certain funds to pay for dowries were instead used to construct a house for defendant Birendra in Nepal, plaintiff discovered that defendants had "lied about Defendant Sapna's true age and date of birth in order to convince Plaintiff and his wife to adopt Defendant Sapna." Id. at ¶¶34, 35. In June of 2004, "a review of Defendant Sapna's school records revealed that she and Defendant Birendra had forged official documents to make Defendant Sapna appear younger" to qualify for adoption and U.S. citizenship. Id. at ¶36. As a result, plaintiff argues that he and his wife became "unwitting participants in the Defendants' fraud on the United States government" as a result of providing false documentations and information on defendant Sapna's citizenship application and forms. Id. After discovering the fraud, plaintiff and his wife removed defendant Sapna as a primary beneficiary from their will and family trust in the United States. Id. at ¶41. Plaintiff states that defendant Sapna had expressed concern that plaintiff and his wife would try and reverse her adoption, which would nullify her U.S.

citizenship application due to the discovered fraud. Id.

Plaintiff alleges that in June 2005, a Nepalese criminal court convicted defendant Sapna of felony perjury and passport fraud for providing false information on official documents. ECF No. 1 at ¶38. After the conviction, plaintiff attests that defendant Sapna had threatened plaintiff to transfer ownership of real property located in California or Nepal, or that she would "ruin plaintiff's life." Id. at ¶¶39, 42. Plaintiff argues in April 2006, Sapna "followed through on her threats" and "revenge" for plaintiff's "refusal to pay her financial demands" by causing criminal charges to be filed against plaintiff in Yolo County Superior Court for allegations of sexual molestation. Id. at ¶¶45, 46. Based on those charges, plaintiff was convicted and sentenced to state prison where he is currently serving time. Id. at ¶ 45. Plaintiff contends a conspiracy to defraud him began in 1999 and "continue[d] unabated and will not end until such time as Defendants, and each of them, return to Plaintiff all of the property they fraudulently obtained from Plaintiff, including Defendant Sapna's share of the forced inheritance." Id. at ¶48.

Plaintiff further alleges the "conspiracy to defraud plaintiff" by defendants continues based on multiple attempts by various members of defendants' extended family in Nepal to extort money from him. Id. at ¶¶51, 52, 53, 54. Plaintiff alleges the "last overt act in furtherance of the conspiracy occurred in January of 2018 when Defendants contacted Plaintiff, through family members, in an attempt to extort" money from plaintiff. Id. at ¶ 55.

## II. MOTION TO DISMISS

Defendant moves to dismiss the complaint as untimely and as insufficiently pled pursuant to Fed. R. Civ. Proc. ("Rule") 12(b)(6). ECF No. 7-1. Because dismissal based on statute of limitations grounds is appropriate, the court will not address defendant's alternative ground for dismissal.

A. Standards Under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.

4

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555–56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).

////

////

The same standards apply where, as here, defendant moves to dismiss based upon an affirmative defense of untimeliness.[1]

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper.

ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted); see also, Jones v. Bock, 549 U.S. 199, 215 (2007) ("[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground"). A complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir. 1995).

B. Discussion

Defendant contends that the complaint must be dismissed because plaintiff's claims are barred by the applicable statute of limitations. The court agrees.

1. *Conspiracy to Defraud*

A cause of action for civil conspiracy to defraud[2] is a species of fraud that requires a plaintiff to plead the essential elements of a claim for fraud under California law. Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1102 (E.D. Cal. 2010). Accordingly, fraud claims are subject to a three-year statute of limitations pursuant to Cal. Code Civ. Proc. § 338. A fraud claim accrues upon "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d); Samuels v. Mix, 22 Cal. 4th 1, 14 (1999) ("Section 338(d) provides that a plaintiff must commence within three years any 'action for relief on the

////

---

[1] See Fed. R. Civ. P. 8(c)(1) (identifying affirmative defenses, including statute of limitations).
[2] Conspiracy to defraud is not a separate tort. Conspiracy only serves as a theory of liability for claims of fraud. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994).

ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'").

Here, plaintiff attests he knew or discovered the alleged fraud sometime in June 2004. According to the complaint, "[i]n June of 2004, a review of Defendant Sapna's school records revealed that she and Defendant Birendra had forged official documents to make Defendant Sapna appear younger so that she would qualify under United States immigration laws to be adopted by Plaintiff and his wife." ECF No. 1 at ¶36. There is nothing in the complaint that indicates that any other fraud was made to plaintiff outside the limitations period, nor does plaintiff argue that the fraud was committed outside the limitations period.

Instead, plaintiff alleges a continuing conspiracy by defendants to extort money from him which entitles him to a later accrual date. ECF No. 1 at ¶51; 16 at 10. Although it appears that plaintiff is seeking to argue a "continuing wrong" basis for tolling the statute of limitations, Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 788 (1979), the facts of the complaint show that these alleged attempts to extort money from plaintiff were attempts made by members of defendants' extended family in Nepal, not defendants themselves. See ECF No. 1 at ¶¶51-55. Because there is no "convincing rationale" that exists based on the allegations in the complaint, delaying the running of the statute of limitations is not appropriate here. See Wyatt, 24 Cal. 3d 788. Accordingly, the court finds that the cause of action accrued at that time plaintiff first discovered the fraud in June 2004. The instant complaint filed 14 years later is therefore time-barred.

2. *Declaratory Relief*

"Declaratory and injunctive relief are not independent claims, rather they are forms of relief." Lane, 713 F.Supp.2d 1104. A plaintiff that seeks declaratory relief must show an "actual controversy within its jurisdiction." Calderon v. Ashmus, 523 U.S. 740, 745 (1998) (citing 28 U.S.C. § 2201) (quotation marks omitted). Because plaintiff's substantive and underlying cause of action for conspiracy to defraud is subject to dismissal, plaintiff's declaratory relief claim must also be dismissed.

Moreover, plaintiff's declaratory relief claim seeks to void the judgment of adoption entered by a state court on the basis that it was "procured by fraud." ECF No. 1 at ¶¶63-64. This

court lacks authority to do so. Under the Rooker-Feldman doctrine, federal district courts do not have subject-matter jurisdiction to hear appeals from state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005).

> *Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. Simply put, the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.

Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citations and quotation marks omitted). Here, plaintiff seeks declaratory relief to void the state court's determination in the adoption proceedings, based on the same alleged fraud he asserts as a basis for damages. Because the fraud claim must be dismissed, the declaratory relief claim also fails. See Shaterian v. Wells Fargo Bank, N.A., 829 F.Supp.2d 873, 888 (N.D. Cal. 2011) (plaintiff "is not entitled to [declaratory] relief absent a viable underlying claim.") (citations omitted). For these reasons, plaintiff's purported cause of action for declaratory relief must also be dismissed.

3. *Leave to Amend*

In his opposition, plaintiff seeks leave to amend to plead a new cause of action for intentional interference with expected inheritance. ECF No. 16 at 13-14 (citing Beckwith v. Dahl, 205 Cal.App.4th 1039 (2012)).

To plead a cause of action for intentional interference with expected inheritance, plaintiff must prove five elements:

> First, the plaintiff must plead he had an expectancy of an inheritance It is not necessary to allege that "one is in fact named as a beneficiary in the will or that one has been devised the particular property at issue. That requirement would defeat the purpose of an expectancy claim. ... It is only the expectation that one will receive some interest that gives rise to a cause of action. Second, as in other interference torts, the complaint must allege causation. This means that, as in other cases involving recovery for loss of expectancies ... there must be proof amounting to a reasonable degree of certainty that the bequest or devise would have been in effect **at the time of the death of the testator**... if there had been no such interference. Third, the

8

> plaintiff must plead intent, i.e., that the defendant had knowledge of the plaintiff's expectancy of inheritance and took deliberate action to interfere with it. Fourth, the complaint must allege that the interference was conducted by independently tortious means, i.e., the underlying conduct must be wrong for some reason other than the fact of the interference. Finally, the plaintiff must plead he was damaged by the defendant's interference.

Beckwith, 205 Cal.App.4th 1039, 1057 (2012) (emphasis added) (citations and quotation marks omitted). Additionally, the defendant "must direct the independently tortious conduct at" the testator. Id. at 1057-1058. "In other words, the defendant's tortious conduct must have induced or caused the testator to take some action that deprives the plaintiff of his expected inheritance." Id. at 1058 (citations omitted).

Here, plaintiff fails to state a cause of action for intentional interference with expected inheritance. It appears in seeking to state this new cause of action, plaintiff is seeking a remedy for defendant Sapna's alleged inheritance according to Nepalese law of forced heirship. ECF No. 16 at 9-10, 13-14. Plaintiff's proposed new claim is based on "land and holdings in Nepal" that defendant Sapna has allegedly acquired through inheritance based on the adoption proceedings in the United States. ECF No. 16 at 20. However, this cause of action governs wills, trusts, and inheritances pursuant to California law. As plaintiff has pleaded in his complaint, plaintiff and his wife have removed defendant Sapna as a primary beneficiary from their will and trust in the United States. See ECF No. 1 at ¶41. Accordingly, plaintiff fails to allege facts that he is seeking a remedy for injury involving wills, trusts and estates subject to probate proceedings within the court's jurisdiction.

Moreover, this cause of action requires that the testator from whom a plaintiff expected to receive an inheritance is deceased. See Beckwith, 205 Cal.App.4th at 1057. Here, the testator is plaintiff and plaintiff is alive. Plaintiff cannot therefore meet this necessary requirement to state a cause of action for intentional interference with expected inheritance. Accordingly, leave to amend to include this cause of action is not appropriate.

### 4. *Dismissal with Prejudice is Appropriate*

The only substantive claim for relief in the complaint is the untimely conspiracy to defraud claim. Although pro se litigants are generally entitled to notice of the deficiencies in the

complaint and an opportunity to amend, courts do not grant leave to amend where amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990). Because no amendment can cure the fact that plaintiff's complaint is time-barred, dismissal should be without leave to amend.

### III.  CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 5) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen (14) days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE